Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Tel: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Tel: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
VICTOR R. DEL LLANO

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR R. DEL LLANO, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VIVINT SOLAR INC. and SOLAR MOSAIC INC.,<br><br>Defendants. | Case No. **'17CV1429 AJB MDD**<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**(1) Violations of the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*.; and**<br><br>**(2) Violations of Cal. Civ. Code § 1785.19**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
CLASS ACTION COMPLAINT

Plaintiff VICTOR R. DEL LLANO alleges as follows:

## INTRODUCTION

1. Plaintiff VICTOR R. DEL LLANO, by and through his attorneys, on behalf of himself and the classes set forth below, (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendant VIVINT SOLAR INC. (hereinafter "VIVINT") and Defendant SOLAR MOSAIC INC. (hereinafter "MOSAIC") who routinely procure credit reports without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff brings this action to seek actual damages, statutory damages, injunctive relief, attorneys' fees and costs, and other relief the Court deems appropriate.

3. Plaintiff alleges as follows, upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

CLASS ACTION COMPLAINT

# **PARTIES**

8. Plaintiff is, and at all times mentioned herein was, an individual, residing in the State of California.

9. Plaintiff is a natural person whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. section 1681a(c).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant VIVINT is a "person" as the term is defined by 15 U.S.C. section 1681a(b).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant MOSAIC is a "person" as the term is defined by 15 U.S.C. section 1681a(b).

12. Plaintiff is informed and believes, and thereupon alleges, that Trans Union is a "consumer reporting agency" as defined under 15 U.S.C. section 1681a(f).

13. Plaintiff is informed and believes, and thereupon alleges, that Defendant VIVINT is, and at all times mentioned herein was, a company conducting and engaging in business in the County of San Diego, State of California.

14. Plaintiff is informed and believes, and thereupon alleges, that Defendant MOSAIC is, and at all times mentioned herein was, a company conducting and engaging in business in the State of California.

15. Defendant VIVINT is a subscriber and user of consumer reports issued by Trans Union.

16. Defendant MOSAIC is a subscriber and user of consumer reports issued by Trans Union.

17. Plaintiff is informed and believes, and thereupon alleges, that Defendant VIVINT acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. section 1681a(d)(1).

18. Plaintiff is informed and believes, and thereupon alleges, that Defendant MOSAIC acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. section 1681a(d)(1).

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 858-348-4939

## JURISDICTION AND VENUE

19. This Court has jurisdiction under 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

20. This action arises out of Defendants' violations of the FCRA. Because Defendants do business within the State of California, personal jurisdiction is established.

21. Venue is proper pursuant to 28 U.S.C. section 1391(b).

## THE FCRA'S PRIVACY PROTECTIONS

22. Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.

23. In order to protect consumer privacy, the FCRA prohibits users from obtaining consumer reports unless the user has a permissible purpose for procuring the report, as defined in the statute. Specifically, the FCRA, 15 U.S.C. section 1681b(f), provides:

> A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

24. Similarly, the CCRAA prohibits users who lack a permissible purpose from "knowingly and willfully obtain[ing] access to a file" or "knowingly and willfully obtain[ing] data from a file." *See* Cal. Civil Code § 1785.19.

25. One permissible purpose for obtaining a credit report is for use in connection with a credit transaction involving a consumer. *See* 15 U.S.C. § 1681a(3)(A).

26. In all circumstances relating to reports procured in connection with credit transactions, if the consumer has neither *initiated a transaction* nor authorized the provision of a full report, the entity procuring the report can see only limited information about the consumer. *See* 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(c).

## RELEVANT FACTS

### Defendant VIVANT

27. On March 27, 2017, Plaintiff received a notice that someone had accessed his credit report. Upon review of his Trans Union credit report, Plaintiff discovered that Defendant VIVINT accessed his Trans Union credit file on March 27, 2017. In connection therewith, Defendant made a general or specific certification to Trans Union that Defendant sought the information because Plaintiff had an existing credit account with Defendant and Defendant needed to review all of Plaintiff's existing credit accounts to determine whether Plaintiff continued to meet the terms of Plaintiff's credit account with Defendant.

28. Plaintiff never conducted any business nor incurred any additional financial obligations to Defendant VIVINT. Further, Defendant VIVINT did not offer Plaintiff credit or otherwise make a firm offer of credit.

### Defendant MOSAIC

29. On March 27, 2017, Plaintiff received a notice that someone had accessed his credit report. Upon review of his Trans Union credit report, Plaintiff discovered that Defendant MOSAIC accessed his Trans Union credit file on March 27, 2017. In connection therewith, Defendant made a general or specific certification to Trans Union that Defendant sought the information because Plaintiff had initiated a credit transaction for the extension of credit from Defendant.

30. Plaintiff never conducted any business nor incurred any additional financial obligations to Defendant MOSAIC. Further, Defendant MOSAIC did not offer Plaintiff credit or otherwise make a firm offer of credit.

31. 15 U.S.C. section 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *See* 15 U.S.C. § 1681b(a)(3)(A).

32. 15 U.S.C. section 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless– (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

33. 15 U.S.C. section 1681e provides that "Every consumer reporting agency shall […] require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose."

34. Upon requesting Plaintiff's credit report from Trans Union, Defendants certified that they would use the information for a permissible purpose as enumerated under 15 U.S.C. section 1681b and for no other purpose.

35. Because Trans Union requires a certification prior to the dissemination of a consumer's credit report, Defendants were on notice and aware of the requirements under 15 U.S.C. section 1681b and other provisions of the FCRA.

36. 15 U.S.C. section 1681b delineates the only permissible uses of, or access to, consumer reports, including "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

37. Plaintiff did not initiate any credit transaction with Defendants as provided in 15 U.S.C. § 1681b(a)(3)(A).

38. Plaintiff was not involved in any credit transaction with Defendants involving the extension of credit to, or review or collection of an account of, the consumer as provided in 15 U.S.C. § 1681b(a)(3)(A).

39. Plaintiff is not aware of any collection accounts, including any accounts that were purchased or acquired by Defendants that would permit Defendants to obtain Plaintiff's credit report as provided in 15 U.S.C. § 1681b(a)(3)(A).

40. Plaintiff does not have any existing credit accounts that were subject to collection efforts by Defendants as provided in 15 U.S.C. § 1681b(a)(3)(A).

41. Plaintiff did not engage Defendants for any employment relationship as provided in 15 U.S.C. § 1681b(a)(3)(B).

42. Plaintiff did not engage Defendants for any insurance as provided in 15 U.S.C. § 1681b(a)(3)(C).

43. Plaintiff did not apply for a license or other benefit granted by a governmental instrumentality as provided in 15 U.S.C. § 1681b(a)(3)(D).

44. Plaintiff did not have an existing credit obligation that would permit Defendants to obtain his credit report as provided in 15 U.S.C. § 1681b(a)(3)(E).

45. Plaintiff did not conduct any business transaction nor incur any additional financial obligations to Defendants as provided in 15 U.S.C. § 1681b(a)(3)(F).

46. Plaintiff did not conduct any business transaction nor incur any additional financial obligations to Defendants as provided in 15 U.S.C. § 1681b(a)(3)(F).

47. Defendants' inquiry for Plaintiff's consumer report information falls outside the scope of any permissible use or access included in 15 U.S.C. section 1681b.

48. Therefore, Defendants violated 15 U.S.C. section 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. section 1681b.

49. Because Trans Union requires Defendants to certify a permissible purpose prior to the dissemination of each consumer credit inquiry, Defendants were aware of and had the ability to comply with the requirements under 15 U.S.C. section 1681b and other provisions of the FCRA.

50. Defendants actions were willful under 15 U.S.C. section 1681n because Defendants either knowingly or recklessly disregarded the FCRA's prohibitions on

impermissibly pulling consumers' credit reports. *See Doe v. Sentech Employment Services, Inc.*, (2016 WL 2851427, *6 (E.D. Mich. May 16, 2016) citing *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ["Assertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal."].

51. The FCRA was enacted in 1970; Defendant VIVINT has had over 40 years to become compliant.

52. Defendants violated a clear statutory mandate set forth in 15 U.S.C. section 1681q.

53. Plaintiff suffered an invasion of a legally protected interest when Defendants accessed his highly confidential personal information on his credit report at a time when Defendants had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. section 1681b, protects consumers like Plaintiff from this precise behavior.

54. Upon information and belief, by impermissibly pulling a consumer's credit report, Defendants takes an unfair competitive advantage in the marketplace by better identifying consumers assets, intimate personal information, and financial standing which all allow Defendants to selectively determine ideal clients for its products, an advantage other competitors in the marketplace are not afforded when adhering to the law. For instance, Defendants obtains credit reports on consumers for one or more of the following reasons: (1) marketing, (2) research, (3) investigation, (4) sale of information to a third party, (5) maliciously violate a consumer's privacy, or (6) some other impermissible purpose.

55. The FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the consumer's right to privacy." *See* 15 U.S.C. § 1681a(4).

56. Plaintiff was affected both psychologically and physiologically, because when he realized the behavior of Defendants described above (pulling his credit report without any authorization), Plaintiff felt that his privacy had been invaded and that his personal and private information had been disclosed to Defendants, who had no right to Plaintiff's information.

57. The injury suffered by Plaintiff is concrete because, on information and belief, Defendants' violation of 15 U.S.C. section 1681b caused Plaintiff's credit score to drop directly impacting Plaintiff's credit availability and finances. Plaintiff also suffered from Defendants' invasion of Plaintiff's privacy. In enacting 15 U.S.C. section 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

58. Further, Defendants increased the risk that Plaintiff and the class members will be injured if there is a data breach on Defendants' computer systems by acquiring additional highly sensitive information about Plaintiff and the class members and saving that information onto its computer system. Data breaches are increasingly common[1] and companies, like the Defendants, are frequent targets of cybercriminals.[2]

59. As such, Plaintiff is entitled to the remedies available under 15 U.S.C. section 1681n and 15 U.S.C. section 1681o.

## CLASS ALLEGATIONS

60. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

**Defendant VIVINT**

61. Plaintiff defines the **VIVINT FCRA Class** as follows:

---

[1] *See* Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches/
[2] *See* http://www.esecurityplanet.com/network-security/capital-one-acknowledges-insider-breach.html; *Also see* http://ago.vermont.gov/assets/files/Consumer/Security_Breach/2013-12-30%20Capital%20One%20Security%20Breach%20Notice%20Ltr%20to%20Consumer.pdf.

### CLASS A

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant VIVINT in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

### CLASS B

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant VIVINT in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

62. Plaintiff defines the **VIVINT CCRAA Class** as follows:

### CLASS A

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant VIVINT in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

### CLASS B

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant VIVINT in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

**Defendant MOSAIC**

63. Plaintiff defines the **MOSAIC FCRA Class** as follows:

### CLASS A

All persons with addresses within California whose consumer credit report from any of these three major credit agencies

(Experian, Trans Union, and Equifax) were accessed by Defendant MOSAIC in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

### CLASS B

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant MOSAIC in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

64. Plaintiff defines the **MOSAIC CCRAA Class** as follows:

### CLASS A

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant MOSAIC in the two years predating the filing of this Complaint and continuing through the date the class list is prepared.

### CLASS B

All persons with addresses within California whose consumer credit report from any of these three major credit agencies (Experian, Trans Union, and Equifax) were accessed by Defendant MOSAIC in the five years predating the filing of this Complaint and continuing through the date the class list is prepared.

65. Defendants and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the number is in the hundreds if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

66. Plaintiff and members of the Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its

agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. section 1681 *et seq.* Plaintiff and the Classes' members were damaged thereby.

67. This suit seeks only recovery of actual and statutory damages on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

68. The joinder of the Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendants' records or Defendants' agents' records.

69. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Classes predominate over questions which may affect individual members of the Classes, including the following:

a) Whether, within the class period, Defendants or its agents submitted any consumer credit report inquiries;

b) Whether Defendants procured credit reports without a permissible purpose under the FCRA;

c) Whether Defendants' conduct was willful under the FCRA;

d) Whether Defendants accessed or obtained data from consumer files in violation of the CCRAA;

e) Whether Defendants accessed or obtained data from consumer files under false pretense of an account review when consumers never held an account with Defendants.

e) Whether Plaintiff and the members of the Classes were damaged thereby, and the extent of damages for such violations.

70. Plaintiff will fairly and adequately protect the interest of the Classes.

71. Plaintiff has retained counsel experienced in consumer litigation, including class action litigation and in handling claims involving violations of the Fair Credit Reporting Act.

72. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful consumer credit report practices.

73. A class action is a superior method for the fair and efficient adjudication of this controversy.

74. Class-wide damages are essential to induce Defendants to comply with the Federal and State laws alleged in the Complaint.

75. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FCRA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, *e.g.* securities fraud.

76. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to each class as a whole.

77. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

78. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

### FIRST CAUSE OF ACTION
**(Violation of the FCRA: Impermissible Access against all Defendants)**

79. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The FCRA establishes very specific rules placing limitations upon an entity (or "person") seeking to obtain a consumer's credit history or the content of a consumer's credit file.

81. 15 U.S.C. section1 1681b(f) states in part the following:

**Certain use or obtaining of information prohibited.** A person shall not use or obtain a consumer report for any purpose unless –

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

82. 15 U.S.C. section 1681b(a)(3) lists the all-inclusive purposes for which a consumer report can be obtained.

83. 15 U.S.C. section 1681b(a)(3) states in relevant part as follows:

**In General.** […] Any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(3) To a person which it has reason to believe–

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[…]

84. When requesting Plaintiff's credit information from Trans Union, Defendant VIVINT and Defendant MOSAIC had actual knowledge that they did not have a permissible purpose to obtain such credit information concerning Plaintiff.

85. For Defendants to repeatedly and impermissibly access the credit files of consumers without permission, constitutes willful non-compliance with the FCRA.

86. Upon information and belief, Defendants obtain credit reports on consumers for one or more of the following reasons: (1) marketing, (2) research, (3)

investigation, (4) sale of information to a third party, (5) maliciously violate a consumer's privacy, or (6) some other impermissible purpose.

87. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. section 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681o(a)(2), from Defendants.

88. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow for all other class members, pursuant to 15 U.S.C. section 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. section 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. section 1681n(a)(3) from Defendants.

## SECOND CAUSE OF ACTION
**(Violation of the CCRAA: Impermissible Access against all Defendants)**

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. Plaintiff did not authorize Defendants to do a pull of his credit reports.

91. Defendants lacked any permissible purpose to obtain the credit reports under Cal. Civil Code section 1785.11.

92. Defendants knowingly and willfully accessed or obtained data from the consumer files of Plaintiff and the class members in violation of Cal. Civil Code section 1785.19. Upon information and belief, Defendants obtain credit reports on consumers for one or more of the following reasons: (1) marketing, (2) research, (3) investigation, (4) sale the information to a third party, (5) maliciously violate a consumer's privacy, or (6) some other impermissible purpose.

93. Plaintiff is entitled to civil penalties of not more than $2,500 for each and every one of these violations pursuant to Cal. Civil Code section 1785.19. Plaintiff is further entitled to actual damages and punitive damages of not less than $100 and not

more than $5,000 for each violation. Plaintiff, the Damages Class, and the Injunctive Relief Two-Year Subclass, are entitled also to injunctive relief, and to recover their costs and attorneys' fees, pursuant to Cal. Civil Code section 1785.31.

## REQUEST FOR PRESERVATION OF EVIDENCE

1. Preserve all forms of electronic data, regardless of where the data exists, without modification to or deletion of any potentially discoverable data;

2. Suspend all procedures that may alter or delete computer data;

3. Prevent deleting, overwriting, defragmenting, or compressing the data;

4. Preserve all archived back-up tapes and ensure that (a) if archive tapes are rotated, the relevant tapes are removed from the rotation; (b) if backups are made to hard drives, preserve the hard drive as well;

5. Preserve the contents of all hard drives, network drives, tape drives, optical drives, floppy disks, CD and DVD drives, and all other types of drives or storage media that are within the possession, custody or control of all people who have knowledge of relevant facts and those who work with them, such as assistants;

6. Preserve the contents of all information on portable computers–such as laptops and palmtops–used by those people as well as home computers, if these are used for work purposed;

7. Preserve the contents of all data on computers that were used since the limitations period on the lawsuit began (for example; five years prior to filing) but that are no longer in use; and

8. Disclose electronic information in the Rule 26 initial disclosures.

## REQUEST FOR JURY TRIAL

As declared by the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. An order certifying the Class as requested herein;

2. An order appointing the Plaintiff as the representative of the Class;

3. An order certifying Plaintiff's counsel as Class Counsel;

4. An order requiring Defendants, at their own cost, to notify all members of the Classes of the unlawful acts discussed herein;

5. Declaring that Defendants violated the FCRA;

6. An Order requiring return of Class members' confidential consumer report and destruction of any copy;

7. Declaring that Defendants acted willfully, in knowing or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

8. Declaring that Defendants violated the CCRAA;

9. Awarding actual damages, punitive damages, civil penalties, costs, and attorney's fees as provided under the CCRAA;

10. Awarding appropriate injunctive relief under the CCRAA, including an injunction requiring that Defendants cease its unlawful practices and ensure that consumer reporting agencies remove Defendants' unauthorized credit inquiries from Plaintiff's and the Class members' credit reports;

11. Injunctive relief requiring Defendants to refrain from further impermissible consumer credit pulls in compliance with 15 U.S.C. section 1681b;

12. Actual damages suffered by Plaintiff and each Class member, pursuant to 15 U.S.C. section 1681o(a)(1), against Defendants;

13. Statutory damages of not less than $100 and not more than $1,000 to Plaintiff and each Class member, pursuant to 15 U.S.C. section 1681n(a)(1), against Defendants;

14. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. sections 1681n(a)(3) and 1681o(a)(2); and

15. Any and all other relief that this Court deems just and proper.

1  Respectfully Submitted,

2  DATED: July 14, 2017   **MASHIRI LAW FIRM**
       A Professional Corporation

   By: /s/ Alex Asil Mashiri
       Alex Asil Mashiri
       Attorney for Plaintiff
       VICTOR R. DEL LLANO

   **THE JAMI LAW FIRM P.C.**

   By: /s/ Tamim Jami
       Tamim Jami
       Attorney for Plaintiff
       VICTOR R. DEL LLANO